STATE v. JOHN JOHNSON.

*Cost—Clerks—Nolle Prosequi—Salaries and Fees.*

The Clerk of the Court is not entitled to any fee for entering a judgment of *nolle prosequi* in a *criminal action.*

This is an APPEAL, by the Clerk of the Superior Court of the county of SURRY, at Spring Term, 1888, from the refusal of his Honor, *Clark, J.,* to allow a motion to retax costs.

The appellant is the Clerk of the Superior Court of the county of Surry. In the criminal action of State *v.* Johnson, pending in that Court at the November Term thereof of 1887, a *nolle prosequi* was entered. Thereafter, in taxing the costs of the action, the Clerk taxed, "as part of the cost,

half the cost of a judgment or determination fee of fifty (50) cents, payable to himself as Clerk," which the Solicitor for the State, in the exercise of authority conferred upon him by the statute (*The Code,* § 733), refused to approve. The Clerk thereafter moved, upon affidavit in the action, for an order directing that the costs be retaxed, and his fee mentioned be allowed. The Court disallowed the motion, and the Clerk having excepted, appealed to this Court.

*The Attorney General,* for the State.
No counsel for the appellant.

MERRIMON, J. (after stating the case.) The statute (*The Code,* § 739) prescribes that "if there be no prosecutor in a criminal action, and the defendant shall be acquitted or convicted, and unable to pay the costs, or a *nolle prosequi* be entered or judgment arrested, the county shall pay the Clerks, Sheriffs, Constables, Justices and witnesses one-half their lawful fees only, except in capital felonies and in prosecutions for forgery, perjury and conspiracy, when they shall receive full fees." It thus appears that the Clerks of the Superior Courts and other officers mentioned are entitled to half fees in criminal actions in the cases specified, and the present case is one of them.

The statute (*The Code,* § 3739) further prescribes "that the fees of the Clerk of the Superior Court shall be the following and no other," and it specifies them in detail. No fee for entering a *nolle prosequi,* or a "judgment," in that respect, is prescribed, and therefore he is entitled to none. In the case of "judgment final against each defendant in a criminal action," he is allowed a fee of one dollar (half that when the county pays the costs in cases like this), but no such fee is allowed in case of a *nolle prosequi.*

It is questionable whether the remedy sought by the Clerk in this case is the proper one, where the Solicitor

refuses to approve the itemized bill of costs in a criminal action, but we are not called upon to decide here that it is or is not, and this suggestion is intended to preclude the conclusion that we approve this proceeding as the appropriate remedy.

Judgment affirmed.